UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT E. REYES, JR.,

       Plaintiff,

v.                                                                                                Case No. 10-10012
                                                                                                  Honorable Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION SEEKING AN ATTORNEY FEE PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

This case is before the Court on Plaintiff's Motion seeking an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412 [**Docket No. 18, filed October 11, 2010**]. The government has responded and does not object to the Plaintiff's motion. [Docket No. 20, filed October 20, 2010].

The EAJA provides that the Court shall award attorney fees and expenses to a prevailing party (other than the United States) in any civil action brought against the United States, unless the position of the government was substantially justified. 28 U.S.C. § 2412(d)(1). An awarded attorney fee shall not be at a rate more than $125.00 per hour, unless the Court determines that an increase in the cost of living, or some other special factor, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

The EAJA requires that four conditions are met before a party can recover an award for attorney fees: (1) the plaintiff must be the prevailing party; (2) the application for attorney fees must be filed within 30 days of the final judgment in the action; (3) no special circumstances

warranting a denial of fees exist; and (4) the government's position must be without substantial justification. 28 U.S.C. § 2412(d)(1). First, there is no dispute that plaintiff is a prevailing party. Second, the plaintiff's motion was timely. Third, the Defendant bears the burden of proof to show that his position was substantially justified; however, the Defendant does not object to the Plaintiff's motion. Lastly, the Court finds no special circumstances exist. The Plaintiff is entitled to an award of reasonable attorney fees. 28 U.S.C. § 2412(b).

Plaintiff seeks attorney fees at the rate of $170.00 per hour plus reimbursement of the filing fee. In support of the Plaintiff's motion, Plaintiff's counsel provided an itemized report and description of the total hours expended on this matter. The Plaintiff submitted an affidavit which documents counsel's experience, background and identifies his non-contingent case hourly rate at $200 [Docket No. 18]. Plaintiff also proffers that the cost of living increase warrants an award above the statutory cap of $125 per hour. The Plaintiff asserts that attorney fees should be calculated starting at the statutory cap and then adjusted for an increase in the cost of living based on the Consumer Price Index (CPI–U) [Docket No. 18]. The CPI–U was 155.7 in March 1996 when the $125 per hour cap was established. Plaintiff's documentation indicates that counsel worked a total of 18.375 hours on the Plaintiff's matter between January 4, 2010, and October 19, 2010. Plaintiff seeks attorney fees under the EAJA in the amount of $3,123.75. Plaintiff also seeks reimbursement of the $350 filing fee. The Court finds that the Plaintiff's counsel's requested hourly rate of $170 per hour is reasonable.

Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Attorney Fees Pursuant to The Equal Access to Justice Act **[Doc. No. 18, filed October 11, 2010]** is **GRANTED** in the amount of $3,123.75 and $350 reimbursement of the filing fee totaling $3,473.75.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 1, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager
